## Ex parte McNEAL.

No. A-11913. Aprl 1, 1953.

(255 P. 2d 951.)

O. A. Brewer, Hugo, for petitioner.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Vester V. Songer, County Atty., Choctaw County, Hugo, for State.

POWELL, P. J. This is an original action instituted by petitioner, George Edd McNeal, for the purpose of being admitted to bail upon a charge of murder, now pending against him in the district court of Choctaw county.

The petition alleges that George Edd McNeal is restrained of his liberty by the sheriff of Choctaw county, Oklahoma, by reason of a commitment issued by an examining magistrate, committing him to the county jail after preliminary examination and upon a complaint wherein the petitioner was charged with the crime of murder alleged to have been committed by killing one Dewey Hutson on February 1, 1953; that by information filed in the district court of Choctaw county he is charged with the murder of Dewey Hutson; that under the evidence produced on his preliminary examination the proof of his guilt is not evident, nor the presumption thereof great that petitioner is guilty of murder; and that petitioner has made application to be admitted to bail to the district court of Choctaw county, which application was by said court denied.

At the time of the hearing before this court, petitioner introduced a transcript of the testimony taken before the committing magistrate at the preliminary hearing, and at the hearing before the district court of Choctaw county. After hearing argument of counsel and after consideration of the facts as shown by the testimony on the part of the state produced on the preliminary examination and of the parties at the hearing before the district court of Choctaw county upon which the application herein for bail was submitted, without expressing any conclusion upon the weight of the evidence, we are of the opinion that the evidence so produced was sufficient to warrant committing petitioner for trial upon the crime of murder, and that petitioner is not entitled to bail as a matter of legal right. He is, of course, entitled to a speedy trial.

For the reasons stated, the writ is refused, and bail denied.

JONES and BRETT, JJ., concur.